**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**JAMES R. BLAND, JR.,**

    **Plaintiff**

v.                                              **Case No:**

                                             **JURY TRIAL DEMANDED**

**JAMES CITY COUNTY ASSOCIATES, INC.,
d/b/a WILLIAMSBURG HONDA,
a Virginia corporation**

    **Serve: Mr. John E. Dodson, Registered Agent
           7101 Richmond Rd.
           Williamsburg, Virginia 23188,**

    **Defendant**

## **COMPLAINT**

COMES NOW the Plaintiff, James R. Bland, Jr. ("Plaintiff" or "Mr. Bland"), by counsel, and as and for his Complaint against the Defendant James City County Associates, Inc., d/b/a Williamsburg Honda ("Defendant" or "Williamsburg Honda") states as follows:

**Parties**

1. Plaintiff is a natural person and a resident of the Commonwealth of Virginia and the City of Newport News.

2. Defendant is a Virginia corporation with its principal place of business being located in James City County, Virginia. Defendant is primarily engaged in the business of operating at least two new and used automotive dealerships and service centers on the outskirts of Williamsburg, Virginia, including the dealership known as Williamsburg Honda, as well as its

sister dealership, Williamsburg Hyundai. At all relevant times, Defendant has maintained its primary office location in James City County, Virginia.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, as this civil action arises in part under the laws of the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant conducts business within this judicial district and division and the events complained of herein took place within this judicial district and division.

## Exhaustion of Administrative Remedies

5. Prior to instituting this civil action, Plaintiff timely filed an administrative claim with the Norfolk office of the Equal Employment Opportunity Commission ("EEOC"). *See* Exhibit 1.

6. On or about June 30, 2020, upon request of Plaintiff, the EEOC issued a "right to sue" letter. *See* Exhibit 2. Plaintiff has filed the instant civil action within ninety (90) days of his receipt of notice authorizing him to file this civil action in federal or state court.

## Facts and Background

7. Plaintiff is an African-American male.

8. Mr. Bland had been employed as a service advisor at Williamsburg Honda beginning approximately July 2, 2018. Plaintiff's job duties included, *inter alia*, providing customer service to Defendant's service department customers, such as acting as a liaison between customers and the service department and technicians, presenting customers with repair or service estimates, and checking out customers upon the conclusion of their repair or service

work. Mr. Bland's job duties required him to enter the service garage many times a day in order to speak with service technicians or to drop off or retrieve customers' car keys.

9. During his tenure, Mr. Bland had made complaints to a supervisor, Jon Clark ("Mr. Clark"), regarding Confederate paraphernalia displayed on the tool cabinet of a service technician within the service garage including a Confederate flag, a Confederate flag decal and a photo of Robert E. Lee in a Confederate uniform, all of which were prominently displayed. *See* Exhibit 3.

10. The tool cabinet was located at all relevant times in a very conspicuous place in the service garage where Mr. Bland would be forced to see it many times a day in the course of his work duties due to its proximity to the entrance to the service garage from the customer area and to the rack used to hang keys of vehicles being serviced.

11. Mr. Bland complained to Mr. Clark of the Confederate display on at least three occasions, including June 28, 2019, approximately twelve days before termination. Mr. Bland advised Mr. Clark that the display was extremely offensive and insulting to him, particularly due to the violence occurring in Charlottesville in August of 2017 associated with the infamous "Unite the Right" rally. Mr. Bland told Mr. Clark that he considered the display of Confederate paraphernalia to be a symbol of hatred.

12. At least one other employee or contract employee confided in Mr. Bland that he found the prominent Confederate display in the workplace to be "appalling."

13. The Confederate display in the workplace was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile and/or abusive.

14. At no point during Plaintiff's employment did Defendant apparently ever ask or tell the service technician to remove the Confederate imagery from his tool chest. Defendant knew of the display as well as its effect upon Plaintiff, but failed to take prompt and appropriate corrective action.

15. In contrast to the deference paid by Defendant to the prominent Confederate display, Mr. Clark would periodically "prank" Mr. Bland by taking and hiding inoffensive decorative items from Mr. Bland's workstation, including an "easy button" and Harley-Davidson memorabilia.

16. At all relevant times, Mr. Bland performed his job duties to the reasonable expectations of Williamsburg Honda, even receiving a performance bonus on or about May 24, 2019.

17. Mr. Clark terminated Plaintiff on or about July 10, 2019, giving no reason aside from stating "things aren't working out." Upon information and belief, Mr. Clark was the decision-maker regarding Defendant's termination of Plaintiff. Alternatively, Mr. Clark discriminatorily influenced an unknown decision-maker into making the formal decision to terminate Plaintiff.

18. Plaintiff's termination following his complaints about the Confederate display demonstrates that his silently enduring the offensive conduct was a condition of continued employment with Defendant.

19. The termination of Plaintiff was motivated by discriminatory and retaliatory animus and was without a legitimate business reason and/or based upon pretext.

**Count I—Retaliation in Violation of Title VII, 42 U.S.C. § 2000e,** *et seq.*

20. Plaintiff incorporates by reference the allegations of Paragraphs One through Nineteen as if set out in full herein.

21. Defendant discriminated against Plaintiff with regard to the terms and conditions of his employment, specifically, with regard to his discharge, due to his engagement in protected activities including making complaints to his supervisor regarding harassment, discrimination and/or a hostile workplace based upon his race (black) stemming from the Confederate display in the workplace or alternatively, what Plaintiff reasonably believed to be harassment, discrimination and/or a hostile workplace, all of which Defendant knew of. Plaintiff's complaints were protected activities.

22. This retaliation against Plaintiff for engaging in protected activities constituted a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

23. The Defendant's conduct was motivated by malice, spite and ill will; was willful and wanton, and evinced conscious disregard for the rights of Plaintiff.

24. Defendant's acts of malice, spite, and ill will which evince a conscious disregard for the rights of Plaintiff include, but are not limited to: retaliating against him due to his engagement in protected activity and discharging him because of him engagement in protected activity.

25. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, lost benefits and other wages, emotional distress and attorney's fees and costs. Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

**Count II--Discrimination in Violation of Title VII, 42 U.S.C. § 2000e,** *et seq.*

26. Plaintiff incorporates by reference the allegations of Paragraphs One through Nineteen as if set out in full herein.

27. Defendant discriminated against Plaintiff with regard to the terms and conditions of his employment, specifically, with regard to allowing workplace conditions (*i.e.* the Confederate display) to exist that was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile and/or abusive; as well as making Plaintiff's silent endurance of such display to be a condition of continued employment; as well as in Plaintiff's ultimate termination following his complaints about the Confederate display in the workplace.

28. The failure to take prompt and appropriate corrective action to remedy the hostile workplace; the making Plaintiff's silent endurance of the Confederate display into a condition of continued employment as well as the ultimate termination of Plaintiff all constitute violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

29. The Defendant's conduct was motivated by malice, spite and ill will; was willful and wanton, and evinced conscious disregard for the rights of Plaintiff.

30. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, lost benefits and other wages, emotional distress and attorney's fees and costs. Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

**Count III—Discrimination in Violation of 42 U.S.C. §1981**

31. The allegations of Paragraphs One through Nineteen are incorporated by reference as if set out in full herein.

32. Plaintiff is an African-American and had made complaints to Defendant regarding an offensive and prominent display of Confederate memorabilia in the workplace.

33. Defendant terminated Plaintiff's employment without a legitimate business reason and/or based on pretextual reasons.

34. Plaintiff's race was the motivating factor in Defendant's decision to terminate Plaintiff; Defendant would not have terminated Plaintiff but for such discriminatory motivation.

35. Alternatively, an intent to retaliate against Plaintiff for complaining about an intimidating, hostile and/or abusive display of Confederate memorabilia in the workplace was the motivating factor in Defendant's decision to terminate Plaintiff; Defendant would not have terminated Plaintiff but for such retaliatory motivation.

36. As a direct and proximate result of the Defendant's willful actions, Plaintiff has suffered and continues to suffer economic and compensatory damages, including lost back pay, lost front pay, lost benefits and other wages and attorney's fees and costs.

37. Due to the willfulness of Defendants' conduct, Plaintiff is also entitled to punitive damages.

WHEREFORE, the Plaintiff, James R. Bland, Jr., by counsel, prays that this honorable Court grant him relief as against the Defendant, including, but not limited to:

    a. past lost wages and benefits;

    b. future lost wages and benefits;

    c. compensatory and/or liquidated damages;

    d. punitive damages;

    e. nominal damages;

    f. pre- and post-judgment interest;

      g.    attorney's fees and litigation costs; and

      h.    such other compensatory and equitable relief as deemed just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:      August 24, 2020      Respectfully Submitted:

      /s/Steven B. Wiley
Steven B. Wiley (VSB No. 47531)
WILEY LAW OFFICES, PLLC
440 Monticello Ave., Suite 1817
Norfolk, Virginia 23510
(757) 955-8455
(757) 319-4089 facsimile
swiley@wileylawoffices.com

*Counsel for James R. Bland, Jr.*